**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JANICE L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-26-963-SLP |
| | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| HUMAN SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff Janice L. Jones's Fourth Amended Complaint[1] [Doc. No. 12].  Plaintiff, appearing pro se and in forma pauperis, seeks monetary damages and a "[d]eclaratory judgment that [D]efendants violated Plaintiff's constitutional rights[ ]" in connection with a child custody proceeding which occurred in Oklahoma state court.  *See* [Doc. No. 12] at 6.  The Court has reviewed the Fourth Amended Complaint to determine whether the exercise of subject matter jurisdiction is proper.  *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("[A] court may sua sponte raise the question of whether there is subject matter jurisdiction at any stage in the litigation.").  For the reasons that follow, the Court finds the Fourth Amended Complaint is subject to dismissal for lack of subject matter jurisdiction.  Accordingly, Plaintiff's Fourth Amended Complaint is DISMISSED WITHOUT PREJUDICE.

---

[1] While titled as "Amended petition 06-19-2026," the Court refers to Plaintiff's submission as the Fourth Amended Complaint to avoid confusion.

I.      **<u>Background</u>**[2]

Plaintiff alleges she is the guardian of minors K.E.C., G.L.C., A.J.C., and A.G.C. [Doc. No. 12] at 1, 4. Defendants Jessi Hamby and Miranda Guthrie were Oklahoma Department of Human Services (DHS) caseworkers formerly assigned to the subject child custody proceeding.  *Id.* at 3.  Defendants Bejamin Hunt, Martin Meeto, Tanya Wheeler and Chris Bowen are alleged to be supervisors of Defendants Hamby and Guthrie.  *Id.* Defendants Oklahoma Department of Human Services (DHS) and Oklahoma Child Protective Services, a division of DHS, are Oklahoma state agencies.

Plaintiff maintains that the Court has original jurisdiction under 28 U.S.C. § 1331 and asserts claims under 42 U.S.C. § 1983 relating to violations of the Fourth and Fourteenth Amendments to the United States Constitution, as well as a civil rights conspiracy claim under 42 U.S.C. § 1985.  *Id.* at 3.  Plaintiff seeks monetary damages and declaratory relief.  *See id.* at 2, 23-26.

Plaintiff's claims are based on child custody proceedings involving K.E.C., G.L.C., A.J.C., and A.G.C. in state court.  *See generally id.*  Plaintiff alleges that Defendant Hamby presented false information and documentation to obtain a removal order in the state court proceedings.  *Id*. at 2.  Plaintiff also alleges that Defendants "Guthrie, Hunt, Meeto,

---

[2] Because Plaintiff is proceeding pro se, the Court liberally construes the allegations contained in her pleadings.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  But the Court does not "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id*. (internal quotation marks and citations omitted).

Wheeler, [and] Bowen all used the false information given by Hamby" during the pendency of the state court proceedings, and "knowingly allowed constitutional violations to occur." *Id*. at 2, 4.

Plaintiff alleges that her Fourth Amendment rights were violated by the Defendants as there was no probable cause to remove her children. *Id*. at 5. Plaintiff alleges that her Fourteenth Amendment rights were violated by the Defendants as they "fabricated evidence and withheld exculpatory evidence[,]" and the conduct of Defendants "deprived Plaintiff of a fundamental liberty interest in family integrity." *Id*.

This is the second action that Plaintiff has filed in this Court relating to the same child custody proceedings in Oklahoma state court. On November 20, 2025, Plaintiff filed a complaint naming forty-seven (47) defendants, including Defendants Oklahoma Department of Human Services, Oklahoma  Child Protective Services, Jessi Hambi, Miranda Gurthrie, and Benjamin Hunt. *See generally* Complaint, *Jones v. Oklahoma*, No. CIV-25-1383-R (W.D. Okla. Nov. 20, 2025), ECF No. 1.[3]  In *Jones I*, Plaintiff asserted various federal and state law claims against state entities, officers, and employees involved in an Oklahoma Child Protective Services investigation and in subsequent child custody proceedings in state court, primarily alleging her constitutional rights were violated by the defendants. On November 25, 2025, Judge Russell issued an Order directing Plaintiff to file an amended complaint as Plaintiff's original complaint did not comply with Fed. R. Civ. P. 8, many of the defendants were not subject to suit, and her claims were barred by

---

[3] The Court will hereinafter refer to this action as *Jones I*.

the *Rooker-Feldman* doctrine.[4]  *See Jones v. Oklahoma*, No. CIV-25-1383-R, 2025 WL 3284470, at \*1-4. (W.D. Okla. Nov. 25, 2025).  Plaintiff was provided with additional opportunities to amend her complaint in *Jones I*, but the amended pleadings were found to suffer from the same deficiencies.  *See Jones v. Oklahoma*, No. CIV-25-1383-R, 2025 WL 3646625, at \*1 (W.D. Okla. Dec. 16, 2025) ("[T]he Amended Complaint contains the same deficiencies the Court previously identified and Plaintiff did not make a meaningful attempt to cure those deficiencies.");  *Jones v. Oklahoma*, No. CIV-25-1383-R, 2026 WL 87122, at \*1. (W.D. Okla. Jan. 12, 2026).  Judge Russell ultimately dismissed Plaintiff's claims without prejudice and entered judgment on February 11, 2026.  *See Jones v. Oklahoma*, No. CIV-25-1383-R, 2026 WL 381188.  (W.D. Okla. Feb. 11, 2026).

Plaintiff filed the present action on April 30, 2026.  Plaintiff's original complaint and three subsequent amendments of her pleading were stricken due to the pleadings containing the names of minor children.  *See* Orders [Doc. Nos. 3, 5, 7, 11].

## II.     Discussion

"The *Rooker-Feldman*[5] doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280,

---

[4] While not relevant to this proceeding, Judge Russell also found that the Complaint improperly included sovereign citizen theories, as well as improperly rested civil claims on criminal statutes and under 28 U.S.C. § 2241. *Id*. at 2-4.

[5] The *Rooker-Feldman* doctrine is an abstention doctrine derived from two decisions of the U.S. Supreme Court.  *See generally Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

284 (2005)). A federal district court is unable to consider "claims actually decided by a state court [or] claims inextricably intertwined with a prior-state court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (citations omitted). Courts look to "whether the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*, paying close attention to the relief sought in the federal suit." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (cleaned up and citations omitted).

The Court finds the claims raised by Plaintiff in this action are inextricably intertwined with the Oklahoma state-court judgment(s). Plaintiff brings constitutional claims against Oklahoma agencies, and employees of such agencies, involved in the Oklahoma state court proceedings. "It is well-settled, however, that an unsuccessful state litigant cannot challenge an adverse state judgment and circumvent the rule of *Rooker-Feldman* simply 'by bringing a constitutional claims under the [civil rights statutes].'" *Atkinson-Bird v. Utah*, 92 Fed. App'x 645, 648 (10th Cir. 2004) (citing *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)); *see also Alfaro v. County of Arapahoe*, 766 Fed. App'x. 657, 661 (10th Cir. 2019) ("Federal courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (cleaned up and citations omitted). Plaintiff alleges that "Defendants knowingly presented false statements and omitted exculpatory evidence" to the state court in order to obtain a removal order. *See* Fourth Am. Compl. [Doc. No. 12] at 5. Plaintiff also alleges the Defendants "fabricated allegations" and "ignored or concealed evidence" in the state court proceedings. *Id*. at 5.

Plaintiff's primary injury is the removal of her children in the state court proceedings. Absent the removal order and judgment(s) rendered in the state court proceedings, Plaintiff would not be seeking redress before this Court.  Plaintiff is effectively asking the Court to review actions that the Defendants performed in conjunction with the state court proceedings and declare such actions unconstitutional.

If the Court made any findings as to Plaintiff's constitutional claims, they would necessarily call into question the order(s) and judgment(s) rendered in the state court proceedings.  It is not the role of this Court to assess evidence presented or omitted in state court proceedings, rather "errors in state cases should be reviewed and settled through the state appellate process." *Tal*, 453 F.3d at 1256, n. 11.  The fact plaintiff seeks both monetary damages and declaratory relief does not alleviate the jurisdictional deficiencies discussed above.  *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007).

Furthermore, the Court lacks jurisdiction over claims against several of the Defendants on the basis of immunity.  Eleventh Amendment immunity "'bars federal court jurisdiction over a state agency for both money damages and injunctive relief.'" *Hobbs v. Oklahoma State Penitentiary*, 673 F. App'x 837, 839 (10th Cir. 2016) (quoting *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998)); *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies

regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." ); *see also Couser v. Gay*, 959 F.3d 1018, 1022 (10th Cir. 2020).[6]

Both Oklahoma Child Protective Services, as a division of DHS, and DHS are arms of the state of Oklahoma and are entitled to Eleventh Amendment immunity. *See Washington v. Okla. State Dept. of Human Servs.*, 802 F. App'x 419, 420 (10th Cir. 2020) ("[T]his court has recognized that OKDHS is entitled to Eleventh Amendment immunity."); *see also Madden v. Madden*, 683 F. App'x 685, 686 (10th Cir. 2017) (affirming dismissal of claims brought against the Oklahoma Child Support Services, "a state entity" because "the Eleventh Amendment prohibits suits against state agencies"); *Shelton v. Pittsburgh Cty. Bd. of Commrs.*, 44 F. App'x 432, 433 (10th Cir. 2002) (affirming dismissal of § 1983 claims against OKDHS and Administrator of Child Support Enforcement Division on basis of Eleventh Amendment immunity).

Additionally, it is unclear from the Fourth Amended Complaint if Plaintiff brings her claims against the individual Defendants in their official or their individual capacities. *See* Fourth Am. Compl. [Doc. No. 12] at 1. To the extent Plaintiff brought such claims against the individual Defendants in their official capacities, the individual Defendants would be entitled to Eleventh Amendment immunity. *See*, *e.g.*, *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (" '[A] suit against a state

---

[6] Congress did not abrogate Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. *See Ellis*, 163 F.3d at 1196. Nor has the State of Oklahoma waived its Eleventh Amendment immunity for such claims. *See Large v. Okla.*, 578 F. App'x 752, 754 (10th Cir. 2014).

official in his or her official capacity … is no different than a suit against the State itself.'" (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

For all these reasons, the Court lacks subject matter jurisdiction over Petitioner's claims, and this action is subject to dismissal.

## III.   Conclusion

IT IS THEREFORE ORDERED that this matter is DISMISSED WITHOUT PREJUDICE.  A separate judgment of dismissal shall be entered contemporaneously herewith.

IT IS SO ORDERED this 30th day of June, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE